UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REBECCA CASTIILO,

                Plaintiff,

         -v-

MAX MARA, U.S.A., INC.,

                Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 23, 2017

17-cv-7621 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

      On October 5, 2017, plaintiff Rebecca Castiilo ("plaintiff" or "Castiilo") commenced this action against defendant Max Mara, U.S.A., Inc. ("defendant" or "Max Mara") under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. (Compl., ECF No. 1.) In sum, plaintiff's complaint alleges that defendant's website is "not fully and equally accessible to blind and visually-impaired customers in violation of the ADA." (Compl. ¶ 5.)

      Plaintiff's complaint specifically alleges that "[a] substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in California", and that "[p]laintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Los Angeles County." (Id. ¶ 13.) By order dated October 12, 2017, this Court directed plaintiff to "file a letter setting forth, with greater specificity, the basis on which venue is proper in this District as opposed to the Central District of California." (ECF No. 5.) On October 20, 2017, plaintiff duly

filed a letter in response to that order. (ECF No. 8.) Plaintiff's letter asserts, in direct conflict with her complaint, that "Defendant's acts and omissions giving rise to the action occurred" in the Southern District of New York, and notes that venue is proper because defendant's headquarters are located in Manhattan. (Id. at 1-2.)

While it is true that a federal civil action can be brought in "a judicial district in which any defendant resides, if all defendants [reside in] the State in which the district is located", 28 U.S.C. § 1391(b)(1), it is also true that this court may "transfer any civil action to any other district or division where it might have been brought" in the interest of justice. 28 U.S.C. § 1404(a). The Court concludes that it is in the interest of justice to transfer this case to the Central District of California where, according to the plaintiff's complaint, "[a] substantial part of the acts and omissions" occurred and where "[p]laintiff has been denied the full use and enjoyment of the facilities" in dispute. (Compl. ¶ 13.) Additionally, the Court notes that the Central District of California is more familiar with, and therefore better situated, to adjudicate plaintiff's supplemental California state-law claims.

The Clerk of Court is directed to TRANSFER this action to the Central District of California, and to terminate the action in this Court.

SO ORDERED.

Dated:   New York, New York
         October 23, 2017

_____
KATHERINE B. FORREST
United States District Judge